**EXHIBIT 1**

Stephen R. Bosin, Esq. # 245221968
70 Grand Ave. Suite 200
River Edge, N.J. 07661
(201) 342.4117
Attorney for Plaintiff

_____X   SUPERIOR COURT OF NEW JERSEY
                                   LAW DIVISION: BERGEN COUNTY
EDWARD D. MANZELLA                 DOCKET NO. L4357-17

         Plaintiff

                                   CIVIL ACTION
v.                                 COMPLAINT AND
                                   JURY DEMAND
PROVIDENT LIFE AND
ACCIDENT INSURANCE COMPANY

         Defendant
_____X

Edward D. Manzella, hereinafter ("Plaintiff") residing at 330 Westwood Avenue, Westwood, Bergen County, New Jersey by way of his Complaint against the Provident Life and Accident Insurance Company, herein after ("Defendant") says:

1)   Defendant is an insurance company with its home office located at 1 Fountain Square, Chattanooga, Tennessee, and engages in the insurance business by issuing long term disability insurance policies to residents of various states.

2)   On or about April 19, 1996 Defendant issued a policy providing long term disability insurance to Plaintiff bearing policy number 66-4143725. The policy provided, in part, that it would pay a monthly disability benefits to age 65 in the event that he became Residually Disabled.

3)   The policy defined Residually Disabled as being " not able to do one or more of your substantial and material daily business duties… and you have a loss of Monthly Income in Your Occupation of at least 20%." The policy defines Your Occupation as meaning, "…the

occupation (or occupations, if more than one) in which you are regularly engaged at th4ee time you became disabled."

4) On or about December 15, 2015 Plaintiff was employed as an Emergency Room Physician and as an Internal Medicine Physician when he became residually disabled as a result of a substantial somatization disorder and was no longer able to perform the duties of an Emergency Room Physician.

5) The somatization disorder is produced by hives which causes severe itching over substantial parts of Plaintiff's body. It also elevates his body temperature which produces chronic fatigue. Due to these distracting and debilitating conditions, he is unable to perform the duties of an Emergency Room Physician which requires total and sustained mental and physical attention at any time during his shift.

6) As his ability to earn a living has been diminished, Plaintiff submitted an application dated February 23, 2016 to Defendant for the payment of long term disability benefits.

7) Thereafter, at the request of Defendant he provided medical records and opinions from three physicians in support of his application for the payment of long term disability benefits.

8) The information provided showed that Plaintiff had been treated by Dr. Robert Gordon, a Clinical Psychologist, who advised him not to do Emergency Room work which he had done for the past 27 years as it had become too stressful and was causing hives as a result of somatization.

9) The information provided to Defendant also showed that Plaintiff had been prescribed two medications to treat this condition; Colchicine, and large doses of Benadryl.

2

In his submission, Plaintiff explained that although these medications alleviated the symptoms, their side effects prevented him from performing the duties of an Emergency Room Physician. The Colchicine produced uncontrolled diarrhea which is a major and common side effect which resulted in 4 to 12 bowel movements a day and substantially reduced the amount of time he was available to treat patients. In addition, the large doses of Benadryl caused drowsiness as well as a "hangover" feeling after night time use. This caused a delayed reaction time which prevented him from acting in a rapid manner which is required in emergency room situations.

10) Plaintiff was concerned that working under these conditions would put his patients and himself at risk.

11) In information provided to Defendant, Plaintiff further explained that when he stops taking Colchicine and large doses of Benadryl, the hives again spread through his entire body which causes pain, and discomfort from the swelling of the tissues and the excessive heat released from the hive lesions which also cause chills.

12) The information provided to Defendant also contains the medical records of Dr. Andrew Wakstein of Otorhinolaryngology Associates, P.C. which noted that Plaintiff had a strong history of urticaria (hives) and that it had reoccurred from employment induced stress and that, "The patient is instructed to avoid highly stressful situations which based on his past history includes working in the emergency room."

13) The information provided to Defendant also contains the medical records of Dr. James Greenfield who diagnosed Plaintiff as having stress induced urticavie, and noted that when he decreases use of Colichine the hives return, and that he has been hive free since taking his medications and stopped working in the Emergency Room.

3

14) Dr. Greenfield also submitted an Attending Physician Statement in which he provided a primary diagnosis of Somatization Disorder, and a secondary diagnosis of stress and anxiety and stated that Plaintiff should not perform as an Emergency Room Physician as the anxiety caused by stress provokes hives.

15) By letter dated February 13, 2017 Defendant denied Plaintiff's application for long term disability benefits because he no longer had hives and was able to return to Emergency Room. Defendant's explanation blatantly ignored the fact that he no longer had hives because he was taking his medication, and was not working in the Emergency Room, and not because his hives condition had suddenly gone into remission.

16) Defendant had no medical basis to conclude that Plaintiff was able to perform the duties of an Emergency Room Physician while taking Colchicine and large doses of Benadryl, and thus was obligated to make payment.

17) Defendant also claimed that Plaintiff did not have a 20% loss of monthly income which he need to show to be entitled to the payment of a residual disability benefit because his income loss in April and May 2016 was only 6.56% and 6.79%, respectively. Plaintiff's income loss for those two months was less than 20% because he had received back pay for services rendered the prior year in 2015 as explained on the letter dated June 15, 2017 from Kimberly Jones, Benefits Supervisor, The Associated Provider's Group, which is annexed as **Exhibit A**, not because he had a loss of income of less than 20%.

18) Since December 2015 to date Plaintiff has not worked as an Emergency Room Physician because his is unable to do so and continues to incur a loss of monthly income in excess of 20%. Plaintiff, however, has been able to perform the duties of an Internal Medicine Physician as they are less stressful and do not produce a somatization reaction.

4

19) As the information in Defendant's claim file evidenced that Plaintiff was unable to able to do one or more of his substantial and material daily business duties, and had a loss of monthly income in excess of 20%, it breached its contract with Plaintiff by not paying residual long term disability insurance benefits commencing on December 15, 2015 to date and thereafter.

**WHEREFORE** Plaintiff, Edward Manzella, demands judgment against Defendant Provident Life and Accident Insurance Company, for damages, costs, interest, and attorney's fees.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4 Stephen R. Bosin, Esq. is hereby designated as trial counsel.

### CERTIFICATION

The undersigned hereby certifies, upon information and belief, that the matter in controversy is not the subject of any other action pending in any court or arbitration proceeding, there is no other action or arbitration proceeding contemplated, and that there are no other parties who should be joined in this action.

Stephen R. Bosin, Esq.
70 Grand Avenue
River Edge, N. J. 07661
(201) 342.4117
Attorney for Plaintiff

Dated: June 23, 2017